<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AMERITAS LIFE INS. CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.,** *as Securities Intermediary,*<br><br>Defendant. | Civil Action No. 23-1944 (ZNQ) (JBD)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon the Motion to Dismiss (the "Motion," ECF No. 10) filed by Defendant Wells Fargo Bank, National Association ("Wells Fargo" or "Defendant") as Securities Intermediary. In support of its Motion, Defendant filed a brief ("Moving Br.," ECF No. 10-1). Plaintiff Ameritas Life Insurance Corporation ("Ameritas" or "Plaintiff") filed an opposition ("Opp'n Br.," ECF No. 21), to which Defendant replied ("Reply Br.," ECF No. 25). After careful consideration of the parties' submissions, the Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[1] For the reasons outlined below, the Court will DENY Defendant's Motion to Dismiss.

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[2]

In July 2006, Union Central Life Insurance Company ("Union Central," a predecessor of Ameritas), received an application for a $4 million life insurance policy (the "Application") insuring Frieda Silbiger (the "Insured") that listed "Freide Silberger Family B ILIT"[3] (the "Trust") as the intended "owner" and "beneficiary." (Compl. ¶¶ 12–13.) The Trust was identified as a New Jersey trust with an address of 15 Hawthorne Street, Lakewood, New Jersey 08701. (*Id.* ¶ 15.) The Application was written on New Jersey forms and executed on July 11, 2006 in Lakewood, New Jersey by the Insured,[4] the Insured's grandson, Ben Zion Weiss, who was listed as trustee of the Trust, and David Kohn, the producing broker. (*Id.* ¶¶ 12, 14, 16.) The Application represented that the Trust would pay the premiums for the policy and that the purpose for the insurance was "Estate Tax." (*Id.* ¶¶ 17, 19.)

Around September 21, 2006, Union Central received a letter purportedly from the Insured's accountant, Bernard Z. Chase, CPA, summarizing the Insured's real estate investments, total net worth, and unearned income, and advising that the Insured should purchase life insurance "for effective estate and tax planning purposes." (*Id.* ¶ 22.) Relying on that letter in addition to the representations made in the Application, Union Central issued a policy on September 13, 2006 with a $4 million death benefit insuring the life of Ms. Silbiger, listing the Trust as owner and beneficiary (the "Policy"). (*Id.* ¶ 23.) Around November 7, 2006, an amendment to the Application (the "Amendment") was executed as well as a Policy Delivery Receipt. (*Id.* ¶¶ 24–

---

[2] For the purpose of considering the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[3] The Court confirms the apparent inconsistency in the record of the Insured's given name. As Insured, she is identified in the Complaint as "Frieda Silbiger," (Compl. ¶ 12), while the corresponding family trust suggests her given name is "Freide Silberger." (*See generally* Application for Insurance, attached as Exhibit A to the Complaint.) This inconsistency has no effect on the merits of the current motion.

[4] According to the parties' briefs but absent from the Complaint: the Insured lives not in New Jersey but in New York, (Moving Br. at 1; Opp'n Br. at 6), and Part II of the Application, the medical portion, was signed in Brooklyn, New York. (Moving Br. at 1–2; Opp'n Br. at 4).

25.) Around that same time, Union Central received the initial premium payment from a check drawn on an account with HSBC bank. (*Id.* ¶ 26.) Since then, the owner and beneficiary of the Policy has changed several times. (*See id.* ¶¶ 27–29.) Defendant is the current owner of record of the Policy, as Securities Intermediary. (*Id.* ¶ 29.) The Insured died around March 2023. (*Id.* ¶ 30.)

On April 5, 2023, Plaintiff filed a Complaint against Defendant alleging that the Policy is a Stranger-Originated Life Insurance ("STOLI") policy that violates New Jersey law and goes against New Jersey public policy. (*See generally* "Compl.," ECF No. 1). The Complaint asserts two claims seeking declaratory judgment: 1) declaring that the Policy is illegal and a void *ab initio* human life wager under New Jersey law (Count I); and 2) declaring that the Policy lacks an insurable interest and is void *ab initio* under New Jersey law (Count II). On May 17, 2023, Defendant filed the instant Motion to Dismiss for failure to state a claim under Rule 12(b)(6).

## II.  JURISDICTION

The Court has diversity jurisdiction over the claims herein pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court

must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.  DISCUSSION

Defendant moves to dismiss the Complaint in its entirety. (Moving Br. at 6.) Defendant argues that because Part II of the Application, which was omitted from the copy submitted with the Complaint, was signed in Brooklyn, New York, the Policy "is subject to the laws of the State of New York" pursuant to its "Conformity with Laws" provision. (Moving Br. at 4 (citing the Policy, Ex. 1, at 17.) Defendant argues that the "Conformity with Laws" provision, in combination with the fact that Part II of the Application was signed in New York, renders it irrelevant that Part I of the Application was purportedly signed in New Jersey. (*Id.* at 5.) Defendant additionally points to the Policy's "Incontestability" provision to argue that the Policy cannot now be challenged because it is past the two-year contestability period. (*Id.*) Lastly, Defendant argues that even if the "Conformity with Laws" provision suggests that the Policy is subject to the laws

4

of two (or more) states, "the Policy owner must be allowed to enforce the law of its choosing" because insurance policy ambiguities are to be construed in favor of the insured or owner, and strictly against the insurance company. (*Id.* at 5–6.)

Plaintiff first responds that Defendant's brief consists of a choice-of-law argument that is premature at the motion to dismiss stage of the litigation, and that the Court should deny the Motion on such basis alone. (Opp'n Br. at 8–12.) Secondarily, Plaintiff argues that even if the Court decides to address the choice-of-law inquiry at this stage, the most significant relationship test—which must be applied under New Jersey's choice of law principles—would show that New Jersey law must govern the substance of the parties' dispute in this case. This is because, among other reasons, the Application was signed in New Jersey, the Trust was located in New Jersey, the contracting parties expected that New Jersey law would apply, New Jersey has the dominant governmental interest in applying its own law to the Policy, and the Insured's place of residence and medical examination are irrelevant to the analysis. (*Id.* at 12–37.) Lastly, Plaintiff argues that even if the Policy is subject to New York law pursuant to its "Conformity with Laws" provision, New Jersey law would still apply under choice-of-law principles. (*Id.* at 37–38.)

New Jersey and New York law materially differ with respect to how STOLI policies are treated. As another court in this district aptly described it:

> New York and New Jersey both have strong public policies regarding insurance policies that are allegedly STOLI policies. New Jersey has an interest in having STOLI policies declared as violative of its public policy, and New York has an interest in preserving the incontestability of policies after the contestability period has expired. Both states have enacted an insurance code that regulates life insurance policies that are "delivered or issued for delivery" in their respective states. *See* N.J. Stat. Ann. §§ 17B:17-20; *see* N.Y. Ins. Law §§ 3103, 3203(a)(3).

*Lincoln Nat'l Life Ins. Co. v. Ret. Value LLC*, Civ. No. 21-20438, 2022 WL 17554986, at *4 (D.N.J. Dec. 9, 2022), *reconsideration denied*, 2023 WL 5989696 (D.N.J. Aug. 10, 2023). Thus,

if Defendant is correct that, for the purposes of this motion, New York law applies to the parties' dispute, it could arguably lead to the dismissal of Plaintiff's claims. Unfortunately for Defendant, its position is misguided.

Even assuming Defendant is correct that the Policy's "Conformity with Laws" provision controls the choice of law, it points to New Jersey rather than New York. As Defendant points out, the language of that conformity provision states that "This policy is subject to the laws of the state where the application is signed." (Policy at 12; ECF No. 10-2 at 17.) However, the application also includes the following explicit language on the signature page of Part I ("Application for Insurance") under the heading marked "Agreement": "It is agreed that . . . (e) the application was signed and dated in the state indicated below." (Application[5]; ECF No. 10-2 at 29.) "New Jersey" is the state clearly indicated below, along with the Insured's signature and date. (*Id.*) Notably, the Part II-Medical section relied upon by Defendant because it shows that it was signed in New York contains no such language.

New Jersey's status as the state of application appears to be consistent with another document provided by Defendant as an attachment to its motion that also points to New Jersey. A facsimile transmission dated April 23, 2009 from Union Central Life includes a page titled "-SPECIAL INSTRUCTIONS-" that reads "APPLICATION STATE: New Jersey." (ECF No. 10-2 at 33.) Whether the facsimile transmission is itself considered a part of the Policy is unclear. The Policy self-defines what constitutes the Policy, and the facsimile transmission does not appear to fall within its definition. (*See* "Entire Contract" provision, Policy at 11; ECF No. 10-2 at 16.) Nevertheless, the document is likewise inconsistent with Defendant's assertion that the Policy should be considered to have been executed in New York.

---

[5] The Court relies on a description of the location of the provision within the Application because the Application itself lacks page numbers. For ease of reference the Court also provides the corresponding page number imposed by its ECF system.

In sum, the Court finds that Plaintiff has plausibly pled that the Policy was executed in New Jersey and that New Jersey law applies.

## V.    CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss will be DENIED. An appropriate Order will follow.

Date: December 30, 2023

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**